CIACCIO, Judge,
dissents with reasons.
I agree with defendant's contention that Pallet misconstrued Time Saver. In Timé Saver the court held that where a building is used in whole for nonconforming purposes (even if some portions are vacant) the “building (whole)” provisions of the statute would apply and the “portion thereof” provisions of the statute would be inapplicable. Thus, the vacant “portion thereof” does not lose its nonconforming status as long as the other portions are continued in nonconforming use.
In this case the City Attorney interpreted the City’s zoning ordinance to require this “whole building” to be vacant before any portion lost its nonconforming status. I believe this interpretation to be correct and is line with the Time Saver decision.
The subject property, a four-plex, with four independent living units including, kitchens, is a “building used in whole for nonconforming uses”. Each apartment is nonconforming because of the presence of three other living units within the “building”. So long as more than two units exist within the “building” their collective physical presence presents any one unit from becoming conforming.
The majority’s opinion must engage in the fiction of assuming that the vacancy in two units cause them to physically change (i.e., become incorporated into the remaining two units with kitchens removed) or to constructively disappear from the building. But, the two vacant units have in fact remained unchanged — they remain in the “building” and continue to make the “building” a four-plex, not a fictional duplex.
Accordingly, the entire building must be vacant for 6 months before any unit loses its nonconforming status. This is consistent with Time Saver and is the correct interpretation of the zoning ordinance.